UNITED STATES DISCTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SCOTT JEFFERY, as Trustee of the<br>CARLSON MARITAL TRUST, AND<br>BOKF, N.A., d/b/a BANK OF TEXAS,<br>as Trustee of the FORTRESS<br>CARLSON JSC TRUST, AND<br>FORTRESS CARLSON LCC TRUST | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:18-cv-01742 |
| *Plaintiffs,* | §<br>§ | |
| **v.** | §<br>§ | |
| TIAA-CREF INDIVIDUAL &<br>INSTITUTIONAL SERVICES, LLC, | §<br>§<br>§ | |
| *Defendant.* | §<br>§ | |

## DEFENDANT'S NOTICE OF REMOVAL BY DEFENDANT

Without waiving any challenges to jurisdiction, venue, or lack of proper service, Defendant TIAA-CREF Individual & Institutional Services, LLC ("**TIAA**") hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 and removes this action from the 14th Judicial District Court of Dallas County, Texas. This Notice of Removal is supported by the facts set forth below and the attached declarations and exhibits, including an appendix containing all documents filed in the state court action. This Court's original jurisdiction is based upon 28 U.S.C. § 1331 (i.e., federal question). In support of the Notice of Removal, TIAA respectfully states as follows:

## I.   PRELIMINARY STATEMENT AND PROCEDURAL BACKGROUND

Plaintiffs Scott Jeffery, as Trustee of the Carlson Marital Trust, and BOKF, N.A., d/b/a Bank of Texas, as Trustee of the Fortress Carlson JSC Trust, and Fortress Carlson LCC Trust ("**Plaintiffs**") filed their Original Petition (the "**Petition**") on May 30, 2018, in the 14th Judicial

District Court of Dallas County, Texas, Cause No. 18-06995 (the "**State Court Action**").  A registered agent of TIAA was served with citation and a copy of Plaintiffs' Petition on June 4, 2018.

As set forth more fully below, the State Court Action is properly removable to federal court pursuant to 28 U.S.C. §§ 1331 and 1441 because Plaintiffs' claims are preempted by the Employee Retirement Income Security Act of 1974, as amended ("**ERISA**"), 29 U.S.C. §§ 1001 *et seq.*, a federal statute. Further, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1), because it is being filed within thirty days of Plaintiffs' service of the Petition on TIAA in the State Court Action.

## II.    GROUNDS FOR REMOVAL

### A.  PLAINTIFFS' CLAIMS ARE PREEMPTED BY ERISA.

Removal jurisdiction exists under 28 U.S.C. §§ 1331 and 1441 for federal questions arising under ERISA. A defendant may remove a matter to federal court on the basis of federal question jurisdiction when the plaintiff asserts causes of action that are completely preempted by ERISA. *Arana v. Ochsner Health Plan*, 338 F.3d 433, 440 (5th Cir. 2003). ERISA specifically applies to all employee benefit plans established or maintained by an employer or employee organization that is engaged in interstate commerce. *See* 29 U.S.C. § 1003(1); *Hogan v. Kraft Foods*, 969 F.2d 142, 144 (5th Cir. 1992). Not only does ERISA govern such plans, but it also preempts all state laws that "relate to . . . employee benefit plan[s]." *See Hogan*, 969 F.2d at 144; 29 U.S.C. §1144(a). Additionally, any state-law cause of action that seeks the same relief provided by Section 502 of ERISA (i.e., 29 U.S.C. § 1132) is completely preempted such that the state-law cause of action is considered to be federal in character. *See* 29 U.S.C. § 1132(a); *Copling v. Container Store*, 174 F.3d 590, 594 (5th Cir. 1999); *McClelland v. Gronwaldt*, 155

F.3d 507, 512 (5th Cir. 1998). Section 502 of ERISA, which is ERISA's civil enforcement provision, in part, permits plan participants or beneficiaries to bring a civil action to recover benefits allegedly due pursuant to an employee benefit plan. *See* 29 U.S.C. § 1132(a)(1).

In their Petition, Plaintiffs explicitly allege that the relevant "[a]ccounts are subject to the Employee Retirement Income Security Act under 29 U.S.C.S. § 1132." *See* Pet. ¶ 7. Plaintiffs further claim that "as beneficiaries under the [a]ccounts, [they] may bring a civil action to recover benefits due to them under the terms of the plan." *See id.* Additionally, central to Plaintiffs' claims are ERISA's rules related to joint and survivor annuities. *See* 29 U.S.C. § 1055. Because Plaintiffs' breach of contract and negligence claims seek recovery of benefits in connection with an employee benefit plan governed by ERISA, the Court is permitted to exercise jurisdiction over Plaintiffs' claims because they are preempted by ERISA. *See Metroplex Infusion Care, Inc. v. Lone Star Container Corp.*, 855 F. Supp. 897, 900 (N.D. Tex. 1994) ("As a general proposition, state common-law contract and tort claims that relate to an employee benefit plan and that are based upon laws of general application (that is, not specifically related to insurance, employee severance, or discrimination) are preempted by ERISA."); *Pyle v. Beverly Enters.-Texas, Inc.*, 826 F. Supp. 206, 208 (N.D. Tex. 1993).

Any other state law claims asserted in the Petition are also removed and may be retained by the Court pursuant to the Court's supplemental jurisdiction. 28 U.S.C. § 1367; *see City of Chicago v. Int'l Coll. of Surgeons*, 118 S. Ct. 523, 529-30 (1997).

### B. REMOVAL IS TIMELY.

Removal is timely in that no more than thirty days have elapsed since the Petition was served on TIAA. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).

### C.  TIAA HAS COMPLIED WITH ALL REMOVAL PROCEDURES.

This action may be removed to the United States District Court for the Northern District of Texas, Dallas Division, because the action is pending in Dallas County, Texas, which is within the jurisdiction of the Dallas Division.  *See* 28 U.S.C. §§ 124(b)(2), 1446(a).

Pursuant to Local Rule 81.1(a)(4)(A), TIAA attaches an Index of Matters Being Filed with this Notice of Removal as Exhibit A.  Pursuant to Local Rule 81.1(a)(4)(B), TIAA attaches a copy of the State Court Action Docket Sheet as Exhibit B. Pursuant to Local Rule 81.1(a)(4)(C), TIAA attaches Exhibits A-1 through A-5, true and correct copies of all process, pleadings, and orders that have been served or filed in the State Court Action. Further, pursuant to Local Rule 81.1(a)(4)(D), TIAA is filing a signed certificate of interested persons, which satisfies the requirements of 28 U.S.C. § 1446(a) and Federal Rule of Civil Procedure 7.1, contemporaneously with this Notice of Removal.

Each of the properly named and joined defendants in the State Court Action has consented to removal of the State Court Action to this Court. *See* 28 U.S.C. § 1446(b)(2)(A). TIAA is currently the only defendant that Plaintiffs have joined or served with this lawsuit.

A copy of this Notice of Removal is being filed the Clerk of the District Court of Dallas County, as provided by law, and TIAA will give written notice of the filing of this Notice to Plaintiffs' attorneys of record.

TIAA respectfully reserves the right to amend or supplement this Notice of Removal. If any question arises as to the propriety of the removal of this action, TIAA requests the opportunity to present a brief and requests oral argument in support of removal or, if necessary, the opportunity to take limited jurisdictional discovery.

### III.     CONCLUSION

Wherefore, TIAA removes the State Court Action to this Court, and requests that the Court issue any orders necessary to stay proceedings in the State Court Action and assume jurisdiction over this action for all purposes.

Dated: July 3, 2018                          Respectfully submitted,


By: */s/ Marc D. Katz*
      Marc D. Katz
      State Bar No. 00791002
      marc.katz@dlapiper.com
      M. Todd Mobley
      State Bar No. 24103322
      todd.mobley@dlapiper.com
      Britney J.P. Prince
      State Bar No. 24098237
      britney.prince@dlapiper.com
      **DLA PIPER LLP (US)**
      1717 Main Street, Suite 4600
      Dallas, TX 75201
      Telephone: (214) 743-4500
      Facsimile:  (214) 743-4545

      **COUNSEL FOR DEFENDANT TIAA-CREF INDIVIDUAL & INSTITUTIONAL SERVICES, LLC,**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on July 3, 2018, a true and accurate copy of the foregoing document was served via email and via certified mail, return receipt requested to all counsel of record as follows:

James C. Erdle, Jr.
Erny Simmons
Glast, Phillips & Murray, P.C.
14801 Quorum Drive, Suite 500
Dallas, Texas 75254-1449
jerdle@gpm-law.com
simmons@gpm-law.com

*/s/ M. Todd Mobley*
_____
M. Todd Mobley